UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARMINE SCHIEFERSTEIN,

             Plaintiff,

    v.

SEAN HOWLAND, ESQ., JULIA KROKOWSKI, ESQ., SARA Z. BORISKIN, ESQ., VERONICA M. RUNDLE, ESQ., JIAN CHEN, ESQ., ERIC SEIDELOWER, ESQ., RAS BORISKIN, LLC, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC,

             Defendants.

**MEMORANDUM & ORDER**
24-CV-07879 (HG) (ARL)

**HECTOR GONZALEZ**, United States District Judge:

On November 12, 2024, Plaintiff Carmine Schieferstein, appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983. ECF No. 1 (Complaint). Plaintiff's application to proceed *in forma pauperis* is granted. ECF No. 2 (IFP Motion). However, for the reasons stated below, Plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff alleges that Defendants, who are attorneys and law firms involved in foreclosure proceedings filed in New York state court in 2016 against property belonging to his deceased mother, violated his constitutional rights by "making[] false statements and or misrepresentations to the [state] Court." ECF No. 1 ¶ 1. Specifically, Plaintiff alleges that he was not served with the summons and complaint in that case and that he only became aware of it "by happenstance,

[when he] received a notice of sale" of the subject property in February 2024.[1] *Id.* ¶ 2. Plaintiff seeks declaratory relief. *Id.* ¶¶ 54–62.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").  However, a district court shall review an *in forma pauperis* action and dismiss it where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1]  Plaintiff also alleges he "received first notice of the sale" on March 18, 2024, *see* ECF No. 1 ¶¶ 34–35, and that he "was sent a NOTICE OF SALE" on August 22, 2024, *id.* ¶ 42.

[2]  Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

**DISCUSSION**

Plaintiff fails to state a claim upon which relief may be granted. Under Section 1983, Plaintiff must show that the harm was "committed by a person acting under color of state law," and that it "deprived [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

Subject to limited exceptions not applicable here, Section 1983 does not apply to claims against private individuals or organizations. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). Here, Plaintiff sues private attorneys and law firms. However, "[i]t is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt*, No. 11-cv-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases). Even court-appointed attorneys do not become state actors by virtue of their appointment. *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); *see also O'Donoghue v. U.S. Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020) ("Private attorneys are generally not 'state actors' for purposes of § 1983."). Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Section 1983 claims against Defendants are dismissed with prejudice.

Plaintiff also seeks to hold Defendants liable under federal and New York state criminal law. ECF No. 1 ¶¶ 46–51. However, he cannot sue Defendants pursuant to the federal criminal law codified in Title 18 of the United States Code. "As a general matter . . . crimes are

3

prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006). "A private individual may bring suit under a federal [criminal] statute only when Congress specifically intended to create a private right of action," *id.* at 14, and this does not apply to any of the various federal criminal statutes identified by Plaintiff. *See id.* (no private right of action under 18 U.S.C. § 242); *Faraldo v. Kessler*, No. 08-cv-0261, 2008 WL 216608, at *6 (E.D.N.Y. Jan. 23, 2008) (same for 18 U.S.C. § 1623); *Pierre v. USPS*, No. 18-cv-7474, 2019 WL 653154, at *3 (E.D.N.Y. Feb. 15, 2019) (same for 18 U.S.C. § 1701); *Williams v. Jurow*, No. 05-cv-6949, 2007 WL 5463418, at *13 (S.D.N.Y. June 29, 2007) (same for 18 U.S.C. § 4), *report and recommendation adopted as modified*, 2008 WL 4054421 (S.D.N.Y. Aug. 28, 2008).[3] Therefore, Plaintiff's claims under the federal criminal law are dismissed with prejudice.

To the extent Plaintiff is not seeking relief against Defendants but rather seeks to overturn the judgment of foreclosure and notice of sale of the subject property, the Court has no jurisdiction pursuant to the *Rooker-Feldman* doctrine and would dismiss this case without prejudice. Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction over claims that effectively challenge state court judgments. *See Bostas v. United States*, 5 F. App'x 69, 70 (2d Cir. 2001). The doctrine applies when (1) the federal court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court.

---

[3] To the extent Plaintiff attempts to package a New York state criminal statute as a federal claim, he would fail to state a claim because he may not privately enforce Section 175.35 of the New York Penal Law, and that claim is dismissed with prejudice. *See McFadden v. Ortiz*, No. 12-cv-1244, 2013 WL 1789593, at *3 (N.D.N.Y. Apr. 26, 2013). If, on the other hand, Plaintiff seeks to assert this claim under state law, the Court would decline to exercise supplemental jurisdiction over it, as described further below, and would dismiss it without prejudice.

4

*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005); *see also Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426–27 (2d Cir. 2014) (*Rooker-Feldman* doctrine bars review of state foreclosure judgment); *Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005) (affirming dismissal on *Rooker-Feldman* grounds where the plaintiffs alleged "various civil and constitutional rights violations" but their claims "essentially amount[ed] to an objection to the disposition of the foreclosure action" by the state court).  Thus, to the extent Plaintiff is actually trying to challenge the state foreclosure order, the Court dismisses such claim without prejudice for lack of subject-matter jurisdiction.

Plaintiff also invokes Section 487 of the New York Judiciary Law, which allows an attorney to be "held civilly liable if he:  (1) is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party, or (2) willfully delays his client's suit with a view to his own gain." *Hirsch v. Kairey*, No. 22-cv-5064, 2023 WL 5532732, at *8 (E.D.N.Y. Aug. 28, 2023).  The Court understands Plaintiff to bring his Section 487 claim under this Court's supplemental jurisdiction.[4]  *See Roberts v. PLS Check Cashers*, No. 24-cv-4032, 2024 WL 4558071, at *2 (S.D.N.Y. Oct. 21, 2024) (construing the *pro se* plaintiff's state law claims in this way).  However, when, as here, the Court has dismissed all federal law claims, the Court "should decline the exercise of [supplemental] jurisdiction" as a general matter.  *See id.* (declining to exercise supplemental jurisdiction over the *pro se* plaintiff's state law claims).  In consideration of "the values of judicial economy, convenience, fairness, and comity," the Court finds that "in light of the dismissal of Plaintiff's federal law claims, principles of judicial economy and comity counsel heavily in favor of declining to retain jurisdiction over Plaintiff's

---

[4]     Plaintiff does not invoke diversity jurisdiction and the complaint "does not reflect a basis for diversity jurisdiction" as all parties appear to be New York citizens.  *See* ECF No. 1 ¶¶ 11–19; *see also Thomas v. Brooklyn Dental Advance Dental Care of N.Y.*, No. 23-cv-06898, 2024 WL 3624104, at *1 n.2 (E.D.N.Y. Aug. 1, 2024).

5

state law claims." *See Thomas*, 2024 WL 3624104, at *3–4 (declining to exercise supplemental jurisdiction over state law claims after dismissing the *pro se* plaintiff's federal Section 1983 claims for lack of state action). The Court therefore dismisses the Section 487 claim without prejudice and expresses no view on it or any other state law claim Plaintiff may decide to pursue in state court.

      Notwithstanding Plaintiff's *pro se* status, the Court will not grant him leave to amend since amendment of the Section 1983 claims would be futile due to the absence of state action. *See id.* at *4 (identifying the same defect in denying the *pro se* plaintiff leave to amend). The same is true with respect to any claim reliant on criminal statutes under which there is no private right of action. *See Sivokonev v. Cuomo*, 447 F. Supp. 3d 58, 63 (W.D.N.Y. 2020) (denying leave to amend as futile where the *pro se* plaintiff sought to add a claim arising under Title 18). Similarly, leave to amend is properly denied where amendment cannot cure a jurisdictional defect. *See Hylton v. J.P. Morgan Chase Bank N.A.*, 338 F. Supp. 3d 263, 284 (S.D.N.Y. 2018) (denying the *pro se* plaintiff leave to amend claims barred by the *Rooker-Feldman* doctrine).

      \*      \*      \*

## **CONCLUSION**

For the reasons stated herein, Plaintiff's federal claims are dismissed with prejudice for failure to state a claim and without leave to amend.  28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's state law Section 487 claim is dismissed without prejudice and without leave to amend.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to *pro se* Plaintiff.

SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York
        November 19, 2024